OPINION
PER CURIAM.
Anton Lianto petitions for review of an order of the Board of Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.
Lianto, a citizen of Indonesia, entered the United States in April 1999. In 2003, he was charged as removable for overstaying his admission period. Lianto applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). After a hearing, the Immigration Judge (“IJ”) found Lianto removable and denied relief. Lianto appealed, and the BIA dismissed the appeal. Lianto filed this petition for review.
The IJ found that Lianto’s asylum application was untimely, and the BIA found no error in that finding. Generally, we lack jurisdiction to review a decision that an asylum application is untimely. 8 U.S.C. § 1158(a)(3). We have jurisdiction to review constitutional claims and questions of law, but not factual or discretionary determinations related to the timeliness of an asylum application. Sukwanputra v. Gonzales, 434 F.3d 627 (3d Cir.2006). Lianto does not raise any constitutional claims or questions of law with respect to the timeliness of his asylum application and thus we do not have jurisdiction.
We do have jurisdiction under 8 U.S.C. § 1252 to review the denial of Lianto’s request for withholding of removal.[1] To be eligible for withholding of removal, Lianto must demonstrate that it is more likely than not that his life would be threatened in Indonesia on account of race, religion, nationality, membership in a particular social group, or political opinion. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir.2003); 8 U.S.C. § 1231(b)(3)(A). We may reverse the BIA’s decision only if the record permits but one reasonable conclusion that is not the one reached by the Board. I.N.S. v. Elias-Zacanas, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).
Lianto argues that the BIA erred in determining that the discrimination he suffered did not amount to persecution. He asserts that, as a Christian of Chinese descent, he was harassed and discriminated against in Indonesia throughout his life. He testified that rocks were thrown at his church and that he was hit with a motorcycle helmet in 1997. This record does not compel a finding that he suffered past persecution on account of his ethnicity or religion. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir.2005) (“[T]wo isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, [are] not sufficiently severe to be considered persecution.”)
*855 Lianto also argues that there is a pattern or practice of persecution against Chinese Christians in Indonesia. We have held that, in order to constitute a “pattern or practice,” the persecution of a group must be “systemic, pervasive, or organized.” Id. at 537. Lianto does not point to any evidence in the record supporting a pattern or practice of persecution. In Wong v. Attorney General, 539 F.3d 225, 233-34 (3d Cir.2008), we held that the 2003 and 2004 Country Reports did not demonstrate a pattern or practice of persecution against Chinese Christians in Indonesia. We noted that the 2005 and 2006 Country Reports documented improved treatment of Chinese Christians in Indonesia. Id. Here, Lianto relies on the 2005 Country Report. This is insufficient. See Lie, 396 F.3d at 537-38.
For the above reasons, we will deny the petition for review.

. Lianto does not challenge the denial of relief under the CAT.